STATE OF CONNECTICUT *v.* EDDIE PLAYER
(AC 18121)

Schaller, Spear and Daly, Js.

Argued January 20—officially released July 4, 2000

*Robert E. Byron*, special public defender, for the appellant (defendant).

*Denise B. Smoker*, assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Mary Rose Palmese*, assistant state's attorney, for the appellee (state).

*Opinion*

SPEAR, J. The defendant, Eddie Player, appeals from the judgment of conviction, rendered after a jury trial, of sale of narcotics in violation of General Statutes § 21a-278 (b),[1] possession of narcotics in violation of General Statutes § 21a-279 (a)[2] and sale of a narcotic substance within 1500 feet of a public housing project and an elementary school in violation of General Stat-

---

[1] General Statutes § 21a-278 (b) provides in relevant part: "Any person who manufacturers, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance . . . and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years. . . ."

[2] General Statutes § 21a-279 (a) provides: "Any person who possesses or has under his control any quantity of any narcotic substance, except as authorized in this chapter, for a first offense, may be imprisoned not more than seven years or be fined not more than fifty thousand dollars, or be both fined and imprisoned; and for a second offense, may be imprisoned not more than fifteen years or be fined not more than one hundred thousand dollars, or be both fined and imprisoned; and for any subsequent offense, may be imprisoned not more than twenty-five years or be fined not more than two hundred fifty thousand dollars, or be both fined and imprisoned."

utes § 21a-278a (b).[3] The defendant claims that the court improperly (1) admitted the testimony of a drug addicted informant who allegedly used police funds to buy illegal drugs for her own use and (2) permitted a separate conviction for the violation of § 21a-278a (b) because that statute is a sentence enhancement provision rather than a separate substantive offense. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On September 9, 1996, the New Britain police department employed Vera Pottle as an informant to buy drugs at the corner of Irwin Place and North Street. Pottle bought $20 worth of crack cocaine from the defendant in a vacant lot that was within 1500 feet of an elementary school and a public housing project. She took the crack cocaine to Officer Jerry Chrostowski who had driven her to the area and waited nearby. Pottle and Chrostowski went back to the lot, and Pottle identified the defendant as the person who sold the cocaine to her.

The defendant was arrested and charged with sale of narcotics, possession of narcotics, and sale of a narcotic substance within 1500 feet of an elementary school and a public housing project. Pottle testified at the defendant's trial and a jury convicted him of all charges. The court imposed a total effective sentence of eight years, and this appeal followed.[4]

---

[3] General Statutes § 21a-278a (b) provides in relevant part: "Any person who violates section 21a-277 or 21a-278 by manufacturing, distributing, selling, prescribing, dispensing, compounding, transporting with the intent to sell or dispense, possessing with the intent to sell or dispense, offering, giving or administering to another person any controlled substance in or on, or within one thousand five hundred feet of, the real property comprising a public or private elementary or secondary school, a public housing project or a licensed child day care center . . . shall be imprisoned for a term of three years, which shall not be suspended and shall be in addition and consecutive to any term of imprisonment imposed for violation of section 21a-277 or 21a-278. . . ."

[4] The court did not impose a sentence for the conviction of possession of narcotics.

## I

The defendant first claims that by admitting the testimony and evidence obtained from Pottle, the court deprived him of his constitutional right to a fair trial. Specifically, he contends that the evidence should have been excluded because the police knew, or should have known, that Pottle was a drug addict who would use the money that she earned as an informant to buy drugs for herself at a later time. The defendant claims that this actual or imputed knowledge made the police accessories to a crime and, therefore, the evidence obtained as a result of such illegal conduct should have been excluded as the "fruit of the poisonous tree." This claim was not preserved at trial, but the defendant requests review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). We decline to review this claim because the record is inadequate.

In *Golding*, our Supreme Court held that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) Id.

The defendant's claim fails the first prong of *Golding*. "The defendant bears the responsibility for providing a record that is adequate for review of his claim of constitutional error. If the facts revealed by the record are insufficient . . . as to whether a constitutional violation has occurred, we will not attempt to supplement

or reconstruct the record, or to make factual determinations, in order to decide the defendant's claim." Id., 240.

Because this claim was not made at trial, there are no findings of fact as to whether Pottle was paid, what she did with the payment, if there was one, what the police officers knew or should have known, or whether the conduct of the police officers was such as to make them accessories to a crime or crimes. The defendant requests that we find facts and draw inferences based on the testimony of the witnesses. It is axiomatic that this court does not make factual determinations. See *Connecticut National Bank* v. *Giacomi*, 233 Conn. 304, 333, 659 A.2d 1166 (1995). We, therefore, decline to review this claim because the record is inadequate.

II

The defendant next claims that his separate conviction under § 21a-278a (b) should be reversed and the case should be remanded for a new trial because that statute is a sentence enhancement provision to § 21a-278 (b), rather than a separate substantive offense. We disagree.

"Our analysis is governed by well established principles of statutory construction. Statutory construction is a question of law and therefore our review is plenary." (Internal quotation marks omitted.) *State* v. *Dash*, 242 Conn. 143, 146–47, 698 A.2d 297 (1997). To distinguish an enhancement provision from a separate substantive offense we look to the intent of the legislature. "In seeking to discern that intent, we [first] look to the words of the statute itself." Id.

The plain language of § 21a-278a (b) indicates that the legislature intended that this statute be a separate substantive offense from § 21a-278 (b). Although § 21a-278a (b) refers to § 21a-278, it requires a separate and distinct element of intentionally selling narcotics within

1500 feet of a public elementary school or public housing project, and this element must be charged and proven beyond a reasonable doubt to obtain a conviction under § 21a-278a (b). Further, the legislative history of § 21a-278a (b) supports our conclusion that it is a separate offense. During debate on this provision, its sponsor, Representative William Kiner, observed, "Three new categories of crime are also in this file copy, basically what it does is to say that anyone . . . who sells within 1000 feet of a school . . . would now be guilty of a crime and as such we would be adding on two years to an already five year minimum sentence." 30 H.R. Proc., Pt. 24, 1987 Sess., p. 8656. Additionally, Representative Richard Tulisano remarked, "The body of this bill deals with a *new crime* dealing with sale near a schoolhouse"; (emphasis added) id., p. 8658; and Representative Robert Jaekle commented that "we're talking about a *new criminal law*." (Emphasis added.) Id., p. 8712.

Our holding today is also supported by *State* v. *Denby*, 235 Conn. 477, 481, 668 A.2d 682 (1995). In *Denby*, while our Supreme Court did not directly address the issue of whether § 21a-278a (b) is a sentence enhancement provision, it disagreed with our view that, pursuant to that statute, the state "was not required to prove that the defendant specifically intended to sell within the 1000 foot[5] zone . . . ." Id. The court, however, held that "the plain language of § 21a-278a (b) requires as an element of the offense an intent to sell or dispense the narcotics at a location that is within 1000 feet of a school." Id., 482. The court held that the state does not have to prove that a defendant knew that the location was within the zone. Because § 21a-278a (b) requires the state to prove beyond a reasonable doubt that the

---

[5] At the time *Denby* was decided, the proximity distance to school property for a violation under the statute was 1000 feet. See General Statutes (Rev. to 1991) § 21a-278 (b).

defendant intended to sell narcotics at a location that is within the 1500 feet zone, we conclude that the statute creates a separate substantive offense and is not merely a penalty enhancement provision.

The judgment is affirmed.

In this opinion the other judges concurred.