## EDDIE PLAYER *v.* COMMISSIONER OF CORRECTION (AC 22534)

Lavery, C. J., and Dranginis and Bishop, Js.

Submitted on briefs September 16—officially released November 12, 2002

*James M. Fox,* special public defender, filed a brief for the appellant (petitioner).

*Scott J. Murphy,* state's attorney, and *Bruce R. Lockwood* and *Angela R. Macchiarulo,* assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The habeas court denied the petitions filed by the petitioner, Eddie Player, for a writ of habeas corpus and for certification to appeal from the denial

of that petition. The petitioner appealed, claiming that the court improperly (1) excluded from evidence the prior testimony of the petitioner's witness relating to his claim of actual innocence and (2) denied his petition for certification to appeal. We dismiss the appeal.

The petitioner was convicted by a jury of sale of narcotics,[1] sale of a narcotic substance within 1500 feet of an elementary school and a public housing project,[2] and possession of narcotics.[3] The defendant's conviction was affirmed by this court in *State* v. *Player*, 58 Conn. App. 592, 753 A.2d 947 (2000). The jury reasonably could have found the following facts. "On September 9, 1996, the New Britain police department employed Vera Pottle as an informant to buy drugs at the corner of Irwin Place and North Street. [Using marked bills,] Pottle bought $20 worth of crack cocaine from the [petitioner] in a vacant lot that was within 1500 feet of an elementary school and a public housing project. She took the crack cocaine to Officer Jerry Chrostowski who had driven her to the area and waited nearby. Pottle and Chrostowski went back to the lot, and Pottle identified the [petitioner] as the person who sold the cocaine to her." Id., 594. The police arrested the petitioner and found one of the marked bills in his possession. Pottle testified against the petitioner at trial and again identified him as the person from whom she had purchased the narcotics. Id.

The petitioner subsequently sought a writ of habeas corpus. In his petition, which was amended twice, the petitioner alleged actual innocence and ineffective assistance of counsel.[4] At the first hearing on his second amended petition, the petitioner called only Pottle as

---

[1] See General Statutes § 21a-278 (b).

[2] See General Statutes § 21a-278a (b).

[3] See General Statutes § 21a-279 (a).

[4] The petitioner has not appealed from the court's judgment with respect to his claim of ineffective assistance of counsel.

a witness. Pottle recanted her trial testimony that the petitioner was the individual from whom she had purchased narcotics.[5] The hearing was continued.[6] When new counsel for the respondent attempted to cross-examine Pottle about the truthfulness of her testimony at the criminal trial, Pottle invoked her fifth amendment right not to incriminate herself to avoid a potential charge of perjury.[7] Pottle also refused to answer similar questions directed to her by the court. Counsel for the respondent asked that Pottle's testimony be stricken from the record because the respondent was denied the right to cross-examine the witness. The court, *Alander, J.*, struck Pottle's testimony and declared a mistrial.

Prior to the second hearing on his petition, the petitioner filed a motion in limine seeking to have a transcript of Pottle's testimony at the first hearing admitted into evidence pursuant to § 8.6 of the Connecticut Code of Evidence.[8] Counsel for the respondent objected to

[5] Apparently, Pottle was incarcerated at the time of the petitioner's criminal trial and had pleaded guilty to violation of probation as a drug-dependent person. She hoped to be admitted to a drug rehabilitation program rather than serve time in prison. At the first habeas hearing, she testified that she believed that she had to cooperate with the prosecutor in the petitioner's case to be recommended for a drug rehabilitation program. The same state's attorney prosecuted both the petitioner and Pottle.

[6] Following Pottle's recantation, counsel representing the respondent asked to be allowed to withdraw from the case, as she had prosecuted the petitioner in the criminal case and recognized that she would become a witness in the habeas proceeding. The court granted the respondent's request for a continuance to secure new counsel.

[7] Pottle was represented by a special public defender at the continued hearing.

[8] Connecticut Code of Evidence § 8.6 provides in relevant part: "The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, provided (A) the issues in the former hearing are the same or substantially similar to those in the hearing in which the testimony is being offered, and (B) the party against whom the testimony is now offered had an opportunity to develop the testimony in the former hearing. . . ."

the motion in limine because he had not had an opportunity to cross-examine Pottle. The parties submitted the case to the second habeas court, *Hon. Anthony V. DeMayo*, judge trial referee, on the record for rulings on the motion in limine and the petitioner's ineffective assistance of counsel claim.

The court denied the petition, concluding that Pottle's testimony was not admissible pursuant to § 8.6 (1) of the Connecticut Code of Evidence because the respondent had not had an opportunity to develop Pottle's testimony at the first habeas hearing, and the petitioner's trial counsel had exhibited more than reasonable competence in representing the petitioner in the criminal trial. The court also denied the petition for certification to appeal to this court.

"[A] substantial claim of actual innocence is cognizable by way of a petition for a writ of habeas corpus, even in the absence of proof by the petitioner of an antecedent constitutional violation that affected the result of his criminal trial." *Summerville* v. *Warden*, 229 Conn. 397, 422, 641 A.2d 1356 (1994). To prevail on a claim of actual innocence, the petitioner must satisfy two criteria. "First, [he] must establish by clear and convincing evidence that, taking into account all of the evidence—both the evidence adduced at the original criminal trial and the evidence adduced at the habeas corpus trial—he is actually innocent of the crime of which he stands convicted. Second, [he] must also establish that, after considering all of that evidence and the inferences drawn therefrom as the habeas court did, no reasonable fact finder would find the petitioner guilty of the crime. *Miller* v. *Commissioner of Correction*, 242 Conn. 745, 747, 700 A.2d 1108 (1997). It is an open question whether a habeas claim of actual innocence must be based on new evidence. *Clarke* v. *Commissioner of Correction*, 249 Conn. 350, 358, 732 A.2d 754 (1999); *Miller* v. *Commissioner of Correction*,

supra, 789–90 n.29." (Internal quotation marks omitted.) *Baillargeon* v. *Commissioner of Correction*, 67 Conn. App. 716, 733, 789 A.2d 1046 (2002).

The petitioner's claim of actual innocence is based on an evidentiary ruling made with respect to Pottle's testimony at the first habeas hearing. The petitioner has failed to carry his heavy burden of demonstrating by clear and convincing evidence that he actually is innocent of the crimes of which he was convicted. The issue raised with respect to Pottle's testimony is an evidentiary one. We review evidentiary claims under an abuse of discretion standard. See *State* v. *Soto*, 59 Conn. App. 500, 505, 757 A.2d 1156, cert. denied, 254 Conn. 950, 762 A.2d 906 (2000). The petitioner's claim is governed by § 8.6 (1) of the Connecticut Code of Evidence. When Pottle invoked her fifth amendment privilege at the first habeas hearing, the respondent was denied its right to develop the witness' testimony. The court, therefore, did not abuse its discretion.

Furthermore, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction*, 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

The appeal is dismissed.