FRANCIS ANDERSON *v.* COMMISSIONER OF
CORRECTION
(AC 24035)

Dranginis, Bishop and West, Js.

Argued March 30—officially released June 29, 2004

*Arnold V. Amore II*, special public defender, for the appellant (petitioner).

*Melissa L. Streeto*, deputy assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Angela R. Macchiarulo*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Francis Anderson, appeals from the judgment of the trial court denying his petition for a writ of habeas corpus following the denial of his petition for certification to appeal from that judgment. On appeal, the petitioner claims that the court abused its discretion by concluding that he had not been denied the right to effective assistance of counsel prior to his pleading guilty to a charge of assault on an employee of the department of correction in violation of General Statutes § 53a-167c (a) (4).[1] Prior to oral argument in this court, the petitioner was ordered to file a supplemental brief addressing the threshold issue of whether the trial court had abused its discretion by denying his petition for certification to appeal. On the basis of our review of the record and briefs, we conclude that the court did not abuse its discretion and, therefore, dismiss the appeal.

On January 6, 1996, the petitioner was an inmate at Northern correctional institution. While he was being transported from a dental appointment to his housing unit, he spat bloody saliva at a correction officer. He was charged with assault on the officer. The petitioner retained private counsel. Just prior to trial, the petitioner withdrew his not guilty plea and pleaded guilty to the charge. In June, 1997, he was sentenced to three years incarceration, consecutive to the sentence he was then serving, in accordance with a plea agreement his counsel had reached with the state.

By means of an amended petition for a writ of habeas corpus, the petitioner alleged that he was denied the

[1] The petitioner's claim on appeal is not the one he alleged in his amended petition for a writ of habeas corpus. Because the court's memorandum of decision is a record sufficient for us to review the claim on appeal, we will review it as the respondent commissioner of correction addressed the issue in his thorough brief. Nonetheless, we look with disfavor on the procedural deficiencies in the petitioner's appeal.

constitutional right to effective assistance of counsel because his trial counsel failed to inform the sentencing court of the petitioner's low level of intelligence and his mental health history. See footnote 1. The trial court denied the petition for a writ of habeas corpus and the petition for certification to appeal.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Citations omitted; internal quotation marks omitted.) *Owens* v. *Commissioner of Correction*, 63

Conn. App. 829, 830–31, 779 A.2d 165, cert. denied, 258 Conn. 905, 782 A.2d 138 (2001), citing *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445, 610 A.2d 598 (1992).

In denying the petition for a writ of habeas corpus, the court set forth the standard for deciding claims of ineffective assistance of counsel relative to a guilty plea. See *Hill* v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). The court did not address whether the petitioner's counsel had provided ineffective assistance, having decided rather that the petitioner was not prejudiced by the performance of his counsel.[2] See *Nardini* v. *Manson*, 207 Conn. 118, 124, 540 A.2d 69 (1988) (court deciding ineffective assistance of counsel claim need not address question of counsel's performance if it is easier to dispose of claim on ground of lack of prejudice).

The court observed that the petitioner faced a potential sentence of ten years incarceration for assault on a correction officer, that he had a felony record and had received many disciplinary tickets while he was in prison, and that it would have been difficult for the petitioner to take the witness stand as a credible witness in his defense. The court recognized the wisdom of counsel's advice that the petitioner plead guilty to mini-

---

[2] Although the court did not consider whether the performance of the petitioner's counsel fell below the accepted standard, it stated that "[i]t is most unlikely that [counsel] could have provided a better quality of representation to the petitioner."

The court also cited a comment made by the sentencing court: "In reviewing the sentencing memorandum, I can only feel that [counsel] did a remarkable job finding a positive twist on twenty or thirty different negative factors in this case, and I commend you for your efforts because to try to find positive things after the presentence investigation report, which was done in this case, is not easy to do, and I was quite impressed with the professionalism in your job in preparing this memorandum and finding so much positive to argue in light of the presentence report . . . ."

mize his exposure to a lengthy sentence. Furthermore, counsel negotiated a three year plea agreement in the face of a possible ten year sentence. We conclude that jurists of reason would agree that the petitioner was not prejudiced by his counsel's representation and that the court properly denied the petition for certification to appeal.

The appeal is dismissed.