WOODY BOISETTE *v.* COMMISSIONER OF
CORRECTION
(AC 24284)

Bishop, West and DiPentima, Js.

Submitted on briefs September 16—officially released October 26, 2004

*Aaron J. Romano* filed a brief for the appellant (petitioner).

*John A. Connelly*, state's attorney, *Julia K. Conlin*, deputy assistant state's attorney, and *Robin A. Lipsky*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Woody Boisette, appeals following the denial by the habeas court of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its

discretion when it denied his petition for certification to appeal and claims that the court improperly rejected his claim that he is entitled to sentence review. We dismiss the petitioner's appeal.

In January, 1997, the petitioner pleaded guilty under the *Alford* doctrine; see *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); to two counts of assault in the first degree, one count of robbery in the first degree and one count of robbery involving an occupied motor vehicle. The court sentenced the defendant to a twenty year term of incarceration. The defendant subsequently filed a petition for a writ of habeas corpus, claiming that his trial counsel failed to render effective assistance. In his prayer for relief, the petitioner asked the court to, among other things, restore his right to sentence review. The court conducted a hearing on the petition in May, 2003. At that time, the petitioner indicated that he waived his ineffective assistance claim, yet sought the restoration of his right to sentence review.

On May 6, 2003, the court issued a memorandum of decision in which it concluded that the petitioner did not have a right to sentence review and, accordingly, dismissed the petition. The court based its denial on its finding that the petitioner and the state had reached a plea agreement under which, in exchange for the petitioner's plea, the petitioner would receive a term of incarceration of twenty years. The court stated that the evidence was "clear" that such an agreement existed, even though it also stated that the petitioner had asked the trial court for a shorter term of incarceration at the time he was put to plea. The habeas court determined that the operation of General Statutes § 51-195[1] precluded the petitioner from receiving sentence

---

[1] General Statutes § 51-195 provides that a person otherwise qualified for sentence review may not receive such review "in any case in which the sentence or commitment imposed resulted from the court's acceptance of a plea agreement . . . ."

review because the sentence imposed resulted from the court's acceptance of a consummated plea agreement. The court thereafter denied the petitioner's petition for certification to appeal. This appeal followed. The petitioner now seeks review of the court's decision, arguing that the court's finding that he and the state had agreed on a specific term of imprisonment is not supported by the evidence and warrants further review.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 83 Conn. App. 595, 597, 850 A.2d 1063, cert. denied, 271 Conn. 905, 859 A.2d 560 (2004).

Here, it is undisputed that the petitioner abandoned his claim of ineffective assistance of counsel. The petitioner seeks a right to sentence review despite clear evidence, in the form of the transcript of what occurred at the plea canvass, that the sentence imposed resulted from his plea agreement with the state. The existence of such an agreement precludes the right that the petitioner seeks. After careful review of the records and

briefs, we conclude that the petitioner has not demonstrated that the court abused its discretion in denying his petition for certification to appeal.

The appeal is dismissed.