DEAN DANIELS *v.* COMMISSIONER OF CORRECTION
(AC 24514)

Lavery, C. J., and Schaller and Dranginis, Js.

Submitted on briefs September 16—officially released November 16, 2004

*Joaquina Borges King*, special public defender, filed a brief for the appellant (petitioner).

*Proloy K. Das*, deputy assistant state's attorney, *James E. Thomas*, state's attorney, and *Christopher Pelosi*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

SCHALLER, J. The petitioner, Dean Daniels, appeals following the denial by the habeas court of his petition for certification to appeal from the denial of his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claims (1) that his trial counsel had rendered ineffective assistance and (2) that he was actually innocent. We dismiss the petitioner's appeal.

In November, 1999, the petitioner was arrested and charged with sale of a controlled substance in violation of General Statutes § 21a-277 (b), and with having violated the terms of his probation in violation of General Statutes § 53a-32. In April, 2000, the petitioner pleaded guilty under the *Alford* doctrine; see *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); to the charge of sale of a controlled substance and

admitted to having violated the terms of his probation. The court sentenced the petitioner to a total effective term of ten years imprisonment, execution suspended, and three years of probation. Thereafter, in May, 2000, the defendant was arrested and charged with several crimes. The court held a violation of probation hearing, revoked the petitioner's probation and sentenced the petitioner to serve a term of seven years imprisonment.

In December, 2002, the petitioner filed an amended petition for a writ of habeas corpus. The petitioner claimed that his trial counsel had rendered ineffective assistance insofar as it related to his pleas during the April, 2000 proceeding and that he was actually innocent. The habeas court conducted a hearing and, in May, 2003, issued a thorough and well reasoned memorandum of decision in which it denied the petition for a writ of habeas corpus. The court later denied the petitioner's petition for certification to appeal. This appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to

deserve encouragement to proceed further." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction,* 83 Conn. App. 595, 597, 850 A.2d 1063, cert. denied, 271 Conn. 905, 859 A.2d 560 (2004). The petitioner now argues that the court abused its discretion when it denied his petition for certification to appeal because his claims warrant appellate review. We will address each claim in turn.

I

The petitioner's claim of ineffective assistance of counsel concerns the plea agreement that his trial counsel, Michael Wagner, negotiated on his behalf. The gist of the petitioner's claim of ineffective assistance is that the plea agreement that Wagner negotiated was "not necessarily" fair to him. The petitioner argues in this regard that the evidence would not have supported a charge of sale of a controlled substance, but only possession of a controlled substance, and that Wagner did not take this fact into account in advising him. The petitioner recognizes that, if he had been convicted following a trial, the court likely would have sentenced him to serve a four and one-half year sentence for violation of probation in addition to any sentence for possession of a controlled substance. The petitioner acknowledges that the sentence imposed permitted him to avoid incarceration and to return home immediately, but argues that Wagner failed to inform him that the sentence exposed him to a greater term of incarceration than was warranted by the evidence. The petitioner argues that the three year term of probation that accompanied the sentence imposed "was not necessarily a deal for [him]."

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a

violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, supra, 83 Conn. App. 597. With regard to this latter "prejudice" prong of the analysis in cases such as the present one, where a conviction follows a guilty plea, our law "requires the petitioner to demonstrate that he would not have pleaded guilty, that he would have insisted on going to trial, and that the evidence that had been undiscovered or the defenses he claims should have been introduced were likely to have been successful at trial." *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 151, 662 A.2d 718 (1995).

The court found that the petitioner's guilty pleas were valid and that the petitioner had benefited from a favorable plea agreement. The court noted that Wagner "was able to get an agreement that called for a fully suspended sentence to be followed by [a term of] probation. The result of this [sentence] was that as soon as the agreement was consummated in court, the petitioner would be free to go home that day. The testimony at the habeas trial was clear that this is precisely what the petitioner wanted, although it is equally clear that Attorney Wagner did harbor some doubts as to his client's ability to successfully complete probation." The court rejected the petitioner's claim that Wagner failed to investigate the charges or afforded the petitioner less than adequate advice concerning the plea agreement at issue. The court noted: "Wagner did a more than adequate job in representing the petitioner. He was fully aware of the strength of the government's case against

his client and the likelihood that this would, at a minimum, result in a revocation of the already existing probation. The evidence against the petitioner on the charge of sale of [a] controlled substance was strong." The court deemed it "a credit to the fine negotiation skills" of Wagner that the petitioner's plea agreement permitted him to avoid any incarceration.

The court's findings with regard to Wagner's representation of the petitioner are supported by the evidence. The evidence concerning the charges against the petitioner supports the court's finding that the state had a strong case against the petitioner for sale of a controlled substance. The evidence also supports the court's finding that Wagner adequately investigated the charges and negotiated a fair plea agreement that satisfied the petitioner's desire to avoid mandatory jail time.

The court noted, and we agree, that the petitioner implicitly based his claim on the premise that Wagner should have known that he would not have been able to complete his term of probation successfully. As the court aptly stated, "[t]he plea bargain that provided for probation negotiated in April, 2000, must have appeared to be significantly less attractive upon [the court's revocation of probation] in November, 2000." Wagner's duty as the petitioner's counsel in April, 2000, was to investigate the charges pending against the petitioner and to offer sound counsel concerning a fair outcome. The evidence supported the court's finding that Wagner rendered such counsel, which included discussing with the petitioner the pitfalls of a lengthy probationary period. The rationale of the court's conclusion also is sound as there is no standard that calls upon criminal counsel to prognosticate accurately with regard to a client's future criminal behavior in rendering such counsel. The fact that the petitioner quickly violated the terms of his probation does not reflect unfavorably upon the fair

plea agreement that Wagner helped to obtain for the petitioner.[1]

The petitioner's ineffectiveness claim also is based upon his claim, argued before the habeas court, that he was under the influence of prescription medication at the time of his plea canvass and that Wagner improperly advised him not to reveal this fact to the court. In its memorandum of decision, the court found that "[t]here has been no credible evidence that the petitioner was taking medications, what type of medications he was taking and what effects, if any, this medication might have had on the petitioner's ability to comprehend what was going on. In fact, it is possible that if there was medication that it may well have enhanced the ability of the petitioner to understand the proceedings. At any rate, the state of the evidence is such that this allegation remains unproven. In addition, there is no credible evidence to support any allegation that Attorney Wagner advised his client to mislead the judge at the plea canvass."

The petitioner now argues that credible evidence in support of his allegation was "available to [his] habeas counsel, but not submitted to the court." The record reflects that the petitioner testified that he was incoherent during the April 17, 2000 hearing in which he was put to plea and that Wagner advised him to answer in the negative if asked by the court whether he was under the influence of any medication. The record does not reveal any evidence, absent the petitioner's testimony, in support of those allegations. The petitioner argues that the habeas court ignored his testimony. Further, the petitioner has included in the appendix to his appellate brief certain of his medical records that, he argues, are

---

[1] The court also found that the petitioner failed to demonstrate that, if he had elected to go to trial, the outcome would have been different in that he likely would have met a favorable outcome. In light of evidence presented at the habeas hearing, we conclude that such a finding is reasonable.

evidence that he was under the influence of prescription medication during April, 2000. The petitioner asks this court to evaluate this evidence and, on the basis of such evidence, conclude that the habeas court's findings were clearly erroneous. The petitioner further claims that "the failure of [his] habeas counsel to bring [this evidence] to the court's attention violated [his] sixth amendment right to counsel."

There are several problems with regard to the petitioner's claim. First, the petitioner's argument that the habeas court ignored his testimony with regard to this issue is incorrect. In its role as the arbiter of credibility, the court was free to discredit the petitioner's testimony as it expressly did. Second, the petitioner's attempt to submit evidence concerning his medication history to this court, in an attempt to prove a claim that he raised before the habeas court, is improper. It is well settled that this court will not consider matters extrinsic to the formal record, such as evidence not offered at trial. See *State* v. *L'Minggio*, 71 Conn. App. 656, 679 n.13, 803 A.2d 408, cert. denied, 262 Conn. 902, 810 A.2d 270 (2002). We will disregard documents of this nature in the appendix to the petitioner's appellate brief, as well as the petitioner's references to such documents in his brief. Third, the petitioner's attempt in this appeal to rely on or to raise a claim of ineffective assistance against his habeas counsel is likewise inappropriate for a number of reasons that do not merit discussion here.

II

The petitioner also claims that he was actually innocent of the charge of sale of a controlled substance. "[A] substantial claim of actual innocence is cognizable by way of a petition for a writ of habeas corpus, even in the absence of proof by the petitioner of an antecedent constitutional violation that affected the result of his criminal trial. . . . To prevail on a claim of actual inno-

cence, the petitioner must satisfy two criteria. First, [he] must establish by clear and convincing evidence that, taking into account all of the evidence—both the evidence adduced at the original criminal trial and the evidence adduced at the habeas corpus trial—he is actually innocent of the crime of which he stands convicted. Second, [he] must also establish that, after considering all of that evidence and the inferences drawn therefrom as the habeas court did, no reasonable fact finder would find the petitioner guilty of the crime." (Citation omitted; internal quotation marks omitted.) *Player* v. *Commissioner of Correction*, 73 Conn. App. 556, 559, 808 A.2d 1140, cert. denied, 262 Conn. 926, 814 A.2d 378 (2002).

The court, in its memorandum of decision, noted that the petitioner had been convicted as a result of his guilty plea and that the plea was valid. The court observed that there was no basis upon which to set aside the petitioner's plea and that "even had there been a basis to do so, the available evidence pointing to the petitioner's guilt is strong." In so concluding, the court made findings consistent with a police report and testimony elicited during the habeas proceeding concerning the incident that resulted in the petitioner's arrest.[2] The court's findings are supported by the evidence. The

[2] On the basis of the evidence, the court found the following facts: "The petitioner was arrested in the early morning hours of November 14, 1999, in a location where drugs and other controlled substances are known to be sold. He was engaged in suspicious looking activity with two individuals who live in a town nearly twenty miles away. The parties scattered in different directions upon the approach of the police. The petitioner was found to be in possession of five plastic baggies of marijuana. The two other individuals . . . were themselves arrested and confessed to attempting to buy marijuana from the petitioner." The court observed that, during the habeas proceedings, the petitioner did not dispute that he possessed marijuana when the police came upon him. The court further observed that the petitioner's possession of marijuana in itself supported the finding that the petitioner had violated the terms of his probation.

petitioner, in fact, has not offered any evidence or proffered any defenses upon which to prove his innocence.

We carefully have reviewed the issues raised by the petitioner as well as the court's resolution of those issues. The petitioner has failed to demonstrate that the resolution of these issues warrants further review. Accordingly, we conclude that the court's denial of his petition for certification to appeal reflected a sound exercise of discretion.

The appeal is dismissed.

In this opinion the other judges concurred.