## MERVIN BRANDY *v.* COMMISSIONER OF CORRECTION
### (AC 24667)

DiPentima, McLachlan and Hennessy, Js.

Argued February 22—officially released June 7, 2005

*James B. Streeto*, assistant public defender, for the appellant (petitioner).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's

attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, J. The petitioner, Mervin Brandy, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the court improperly (1) denied his petition for certification to appeal and (2) denied his petition for a writ of habeas corpus, which was based on ineffective assistance of trial counsel. We dismiss the petitioner's appeal.

The habeas court found the following facts. The petitioner was arrested on January 22, 1999, and charged with assault in the second degree in violation of General Statutes § 53a-60, breach of the peace in violation of General Statutes (Rev. to 1999) § 53a-181, reckless endangerment in the first degree in violation of General Statutes § 53a-63, possession of narcotics in violation of General Statutes § 21a-279 (a) and violation of probation pursuant to General Statutes § 53a-32.[1] The petitioner was represented by attorney Frank B. Velardi, Jr., until he retained attorney Richard Silverstein, whose conduct is the subject of this habeas petition. At the time Silverstein filed his appearance, there was an outstanding plea offer by the state for three years incarceration followed by three years of special parole in return for a guilty plea to all criminal charges and an admission of violation of probation. The petitioner rejected the offer shortly after Silverstein entered his appearance.[2]

[1] The charges carried a total maximum penalty of eighteen and one-half years imprisonment, broken down as follows: assault in the second degree, five years; breach of the peace, six months; reckless endangerment in the first degree, one year; possession of narcotics, seven years; and violation of probation, five years.

[2] The petitioner had turned down the offer once before because he believed the offered punishment was too harsh.

Silverstein investigated the assault, reckless endangerment and breach of the peace charges and determined that there was a reasonable chance of prevailing at trial. He concluded, however, that there was little likelihood of prevailing on the possession of narcotics and violation of probation charges. Early on the scheduled day of the petitioner's violation of probation hearing, Silverstein sought to have the court reinstate the plea offer. The state was unwilling, however, to renew the offer. The court indicated that it would accept an agreement wherein the petitioner would plead guilty to all charges, the state would refrain from making a sentencing recommendation and no limit would be placed on the sentence that the court could impose.

On October 8, 1999, the petitioner accepted the pretrial settlement offer outlined by the court, pleaded guilty to all criminal charges under *North Carolina* v. *Alford*, 400 U.S. 25, 37–38, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), and admitted the violation of probation. At the plea canvass, the court went over the plea agreement with the petitioner, who indicated that he understood the nature of the agreement.[3] The court

---

[3] The following colloquy took place at the plea canvass:

"The Court: Okay. He's charged with assault second, that carries five years imprisonment. Breach of the peace carries six months, so that puts you up to five and a half years. Reckless endangerment . . .in the first degree carries one year. So that puts him up to six and a half years. On the [violation of probation] he owes five years, so that's eleven and a half years and the possession of narcotics carries seven years. So, that's eighteen and a half years. . . .

"Mr. Brandy, the state intends to put you to plea on all those charges. I had a discussion with your lawyer and the state's attorney, and I indicated to your lawyer that if you wanted to be put to plea, I would canvass your pleas and accept them after a canvass, but I made no promises whatsoever. If I think it's appropriate, I can give you the whole . . . eighteen and a half years to serve, and you can't take your plea back, if I think it's appropriate. I'm not saying I'm going to do that, but I could.

"[The Petitioner]: I just hope that you'll be fair.

"The Court: I'm going to continue it for sentencing. I'll listen to your lawyer's arguments [and] the state's arguments. I'll review any materials that are submitted to me, and then I'm going to do what I think is appropriate.

accepted the petitioner's pleas, having found them to be knowingly and voluntarily made with the assistance of competent counsel. On January 12, 2000, the court sentenced the petitioner to a total effective sentence of eight years imprisonment.

The petitioner filed his habeas petition on March 28, 2002.[4] In his first amended petition, filed September 19, 2002, the petitioner claimed ineffective assistance of counsel, alleging that Silverstein failed to adequately investigate the facts, permitted the petitioner to plead guilty without any plea agreement or sentence cap and failed to advise the petitioner adequately as to the effect of his guilty pleas. The petitioner also claimed that he was actually innocent of the underlying criminal charges of assault in the second degree, breach of the peace and reckless endangerment in the first degree. At the habeas trial, the court heard testimony from Silverstein, the state's attorney during the criminal proceeding and the petitioner.

By memorandum of decision filed on August 15, 2003, the court denied the habeas petition on the ground that

If you want to enter your pleas on that basis, you may. If not, then you can just go across the street and have your [violation of probation] hearing. What do you want to do, sir?

"[The Petitioner]: I'm going to enter my plea.

"The Court: You want to enter your plea. Okay. You talked to your lawyer about this, and you understand what you're doing. Is that correct?

"[The Petitioner]: Yeah. I just hope that you be fair, sir.

"The Court: All right. Okay. You've explained that to him, Mr. Silverstein?

"[Petitioner's Counsel]: He's aware that there has been no agreement on these files, and he just indicates that he hopes that you'll be fair when you hear this for sentencing.

"The Court: I'm going to do my best to be fair, but I want to satisfy myself that he understands and you understand that I haven't made any promises to anybody of what I'm going to do. He's exposed to the entire eighteen and one-half years to serve. He can't take his plea back. Are you satisfied that he understands that, Mr. Silverstein? . . .

"[Petitioner's Counsel]: Yes, I'm satisfied the he understands that."

[4] Silverstein testified before the habeas court that he recommended that the petitioner file a habeas petition alleging Silverstein's ineffective assistance.

the petitioner was unable to meet the prejudice prong of *Strickland* v. *Washington*, 466 U.S. 668, 671, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The court concluded that it was unlikely that the petitioner would have been successful at his violation of probation hearing or acquitted on the possession charge, leaving the petitioner with a potential exposure of twelve years, four more than he received. In addition, the court determined that the petitioner had not proved that he was actually innocent by clear and convincing evidence. The court denied the petitioner's request for certification to appeal from the judgment denying his habeas petition. On December 17, 2003, pursuant to Practice Book § 66-5, the petitioner filed a motion for articulation of the court's decision denying his habeas petition. The court denied that motion. The petitioner sought review before this court of the denial of his motion for articulation. We granted review, but denied the relief requested. This appeal followed.

The petitioner claims that the court improperly denied: (1) his petition for certification to appeal and (2) his habeas petition, which was based on his trial counsel's ineffectiveness in advising him to plead guilty to all charges without a sentence cap and to reject the original plea offer of three years imprisonment and three years special parole.

We first consider the petitioner's claim that the habeas court improperly denied his petition for certification to appeal. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an

abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 83 Conn. App. 595, 597, 850 A.2d 1063, cert. denied, 271 Conn. 905, 859 A.2d 560 (2004). We conclude that the petitioner cannot show that the court abused its discretion in denying his request for certification to appeal and, accordingly, we dismiss his appeal.

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland* v. *Washington*, supra, 466 U.S. 687. A court may find against the defendant on either the deficient performance prong or the prejudice prong, whichever is easier. Id., 697.

Although *Strickland* applies generally to ineffective assistance of counsel claims, "the United States Supreme Court has articulated a modified prejudice

standard for cases in which the conviction has resulted from a guilty plea. See *Hill* v. *Lockhart,* 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). *Hill* requires the petitioner to demonstrate that he would not have pleaded guilty, that he would have insisted on going to trial, and that the evidence that had been undiscovered or the defenses he claims should have been introduced were likely to have been successful at trial."[5] *Copas* v. *Commissioner of Correction,* 234 Conn. 139, 151, 662 A.2d 718 (1995).

Keeping the modified *Strickland* standard in mind, we consider whether the court abused its discretion in denying the petitioner's request for certification to appeal in regard to his claim that Silverstein was ineffective in advising him to plead guilty to all charges without a sentence cap.[6] Silverstein testified, and the habeas

---

[5] "Successful at trial" means a more favorable outcome than that achieved in the pleading process. See *Copas* v. *Commissioner of Correction,* 234 Conn. 139, 157 n.10, 662 A.2d 718 (1995).

[6] Because it was not raised before the habeas court, we do not consider the petitioner's claim that the court improperly denied his habeas petition in light of his claim that Silverstein was ineffective in advising him regarding the original plea offer of three years imprisonment and three years special parole. Even interpreting the pleadings broadly, we cannot conclude that the claim was raised in the habeas petition. The petitioner refers to paragraphs twelve and fifteen through eighteen as including this claim. The paragraph which comes closest to alleging the claim is paragraph fifteen, which reads: "Although terms of a plea agreement were discussed by Attorney Silverstein with the state's attorney, in the presence of the judge who later presided at [the] petitioner's plea and sentencing hearings, Judge Gary White [and] Attorney Silverstein allowed the petitioner to enter his guilty pleas and admissions without any agreement or 'cap' as to the sentence that might be imposed." This claim, as is the case with those raised in paragraphs twelve and sixteen through eighteen, goes to Silverstein's competence in advising the petitioner to enter a guilty plea at the plea canvass and not to his advice regarding the initial plea offer.

Furthermore, the petitioner elicited no testimony before the court indicating that Silverstein's effectiveness as counsel was challenged as to the initial plea offer. The extent of the substantive testimony regarding the plea offer during two days of trial was as follows. Silverstein noted that the plea offer was outstanding when he entered his appearance and that it was "rejected because of certain things that were going on in [the petitioner's] life. You

court determined, that, if the petitioner had insisted on going to trial, it was unlikely that he would prevail on the violation of probation and the possession of narcotics charges. This would have left the petitioner exposed to a sentence of at least twelve years imprisonment. The petitioner in his appellate brief concedes that the evidence at the habeas trial supported that conclusion. Nevertheless, he argues that this conclusion ignores Silverstein's own opinion that pleading guilty was a gross error in judgment. That assertion, however, goes to the performance prong of *Strickland* and has no bearing on a determination under the modified prejudice prong. Thus, it is uncontroverted that, if the petitioner had gone to trial, he would have been exposed to a sentence of twelve years, four more than he received after entering his plea of guilty. We conclude that the habeas court's determination that the petitioner could not meet the prejudice prong of *Strickland* on his claim of ineffective assistance of counsel during the pleading phase of his criminal trial is not debatable among jurists of reason, that another court could not have resolved the issues in a different manner and that the questions presented are not adequate to deserve encouragement to proceed further.

---

know, it was the type of deal where you take it, and you go that day. And that just wasn't feasible for him at the time." He also stated: "[W]e rejected the plea offer to buy [him] some time . . . ." The petitioner asserted on direct examination: "I told [Silverstein] the offer, yeah. And he told me [that] no matter what, I can't get any more than three years, so let's just try something." On cross-examination, the petitioner admitted that he had previously rejected the offer when it was conveyed by his prior counsel, Velardi, because "it sounded harsh." That testimony is insufficient to give the court notice that the petitioner was challenging Silverstein's effectiveness in advising the petitioner regarding the initial plea offer.

The petitioner raised this issue for the first time in his motion for articulation, which was properly denied by the court as it went to the issue of performance, whereas the court had made its decision under the prejudice prong of *Strickland* v. *Washington*, supra, 466 U.S. 687. Furthermore, a motion for articulation is not the proper forum for raising new claims.

The appeal is dismissed.

In this opinion the other judges concurred.