STATE OF CONNECTICUT *v.* JOSE POLANCO
(SC 18701)

Rogers, C. J., and Palmer, Zarella, McLachlan, Eveleigh and Vertefeuille, Js.

Argued March 14—officially released July 26, 2011

*Alice Osedach,* assistant public defender, for the appellant (defendant).

*Melissa L. Streeto,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Brian Leslie,* senior assistant state's attorney, for the appellee (state).

McLACHLAN, J. The defendant, Jose Polanco, appeals[1] from the trial court's denial of his motion to correct an illegal sentence. In June, 2006, the defendant was convicted, following a jury trial, of sale of narcotics in violation of General Statutes § 21a-277 (a), and sale of narcotics within 1500 feet of a school in violation of General Statutes § 21a-278a (b). A court may sentence a defendant who has violated § 21a-277 (a) for the first time to a maximum of fifteen years imprisonment, and must sentence a defendant who has violated § 21a-278a (b) to three years imprisonment, which may not be suspended and which must be in addition and consecutive to the term of imprisonment for the violation of § 21a-277 (a). The trial court subsequently sentenced the defendant, stating: "It's the order of the court that the defendant be sentenced on the crime of . . . the sale [of narcotics] pursuant to § 21a-277 [a] [to] ten years in prison, suspended after . . . four years, and on the crime of sale [of narcotics] within 1500 feet of a school, pursuant to [§ 21a-278a (b)], [to] three years consecutively, for a total effective sentence of seven years, that's thirteen [years] I guess, after seven, three years probation . . . ." On appeal, the Appellate Court affirmed the judgment of conviction. *State* v. *Polanco*, 108 Conn. App. 903, 948 A.2d 394 (2008), cert. denied, 289 Conn. 906, 957 A.2d 874.

In August, 2009, before a different trial judge, the defendant filed a motion to correct an illegal sentence, claiming that the trial court illegally had sentenced him by suspending the execution of his sentence for violating § 21a-277 (a) without imposing a period of probation, and by adding the mandatory three year term of

---

[1] The defendant appealed from the judgment of the trial court to the Appellate Court and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

imprisonment for violating § 21a-278a (b) to his ten year sentence for violating § 21a-277 (a), for a total effective sentence of thirteen years imprisonment, execution suspended after seven years, with three years of probation. The defendant contended that the trial court should have added the mandatory three years to the four year nonsuspended portion of his split sentence only, for a total effective sentence of ten years imprisonment, execution suspended after seven years, and three years of probation.[2] The trial court denied the defendant's motion to correct, concluding that, because § 21a-278a (b) requires that a court sentence a defendant to three years imprisonment, which may not be suspended and must be in addition and consecutive to the term of imprisonment for violating § 21a-277 (a), the trial court properly had aggregated the terms and legally sentenced the defendant. The defendant subsequently filed this appeal, challenging the trial court's denial of the motion to correct.

In his initial brief to this court, the defendant claimed that the trial court illegally sentenced him by: (1) suspending the execution of his sentence for violating § 21a-277 (a) without imposing a period of probation; (2) imposing a period of probation without suspending any portion of the term of imprisonment for violating § 21a-278a (b); and (3) adding the mandatory three year term of imprisonment for violating § 21a-278a (b) to his ten year total sentence for violating § 21a-277 (a). The state responded that the defendant's situation was analogous to that of *State* v. *McMahon*, 257 Conn. 544, 565–66, 778 A.2d 847 (2001), cert. denied, 534 U.S. 1130,

[2] In his motion to correct an illegal sentence, the defendant requested that the trial court correct his sentence to a total effective sentence of seven years incarceration. He later clarified, however, in both the hearing on the motion to correct and in his brief to this court, that he requested that the trial court correct his sentence to a total effective sentence of ten years incarceration, execution suspended after seven years, with three years of probation.

122 S. Ct. 1069, 151 L. Ed. 2d 972 (2002), in which this court held that a trial court properly added a mandatory, consecutive sentence to both the suspended portion of a defendant's so-called split sentence and his total sentence. In *McMahon*, "[t]he trial court sentenced the defendant to thirty years incarceration, suspended after fourteen years, and five years probation for the conviction of first degree manslaughter with a firearm. Thereafter, the trial court found that the defendant had used a firearm in the commission of a class B felony and, pursuant to [General Statutes] § 53-202k, added a [mandatory] five year consecutive sentence . . . thereby sentencing him to a total effective sentence of thirty-five years incarceration, suspended after nineteen years, and five years probation." Id., 562–63. The defendant in *McMahon* argued that the trial court improperly had applied the sentence enhancement provision and, in effect, had punished him twice. Id., 557, 563. We concluded that the trial court properly had applied the sentence enhancement. Id., 565–66.

We initially heard arguments in this case in March, 2011. Thereafter, we ordered both parties to file simultaneous supplemental briefs limited to the question of whether the reasoning of *McMahon* applied to a sentence received under §§ 21a-277 (a) and 21a-278a (b). We now affirm the judgment of the trial court.

The defendant claims that *McMahon* is inapplicable to the present situation because it involved a sentence enhancement provision; *State* v. *Dash*, 242 Conn. 143, 150, 698 A.2d 297 (1997) (concluding that § 53-202k is sentence enhancement provision); whereas the statute at issue in the present case, § 21a-278a (b), is a separate substantive offense. This distinction, the defendant argues, is relevant because a person convicted of an offense may only be sentenced in accordance with General Statutes § 53a-28, which does not allow for the imposition of a probationary period unless a court first suspends the execution of a term of imprisonment. In

support of this proposition, the defendant cites § 53a-28 (b), which provides in relevant part: "[W]hen a person is convicted of an offense, the court shall impose one of the following sentences: (1) A term of imprisonment; or . . . (5) a term of imprisonment, with execution of such sentence of imprisonment suspended, entirely or after a period set by the court, and a period of probation or a period of conditional discharge . . . ." The defendant additionally points to the commentary regarding § 53a-28 by the Commission to Revise the Criminal Statutes, which provides in relevant part: "Subsections (b) (5) and (6) make clear that, when the court imposes a sentence of probation . . . it must first impose a sentence of imprisonment with execution suspended (entirely or partially)." Commission to Revise the Criminal Statutes, Penal Code Comments, Conn. Gen. Stat. Ann. (West 2007) § 53a-28, comment, p. 461. Specifically, the defendant contends that the trial court illegally sentenced him by imposing a three year period of probation without suspending any portion of the term of imprisonment for violating § 21a-278a (b). Even assuming that § 21a-278a (b) is a separate substantive offense, and not a sentence enhancement, however, the defendant's argument fails.[3]

---

[3] We do not address whether § 21a-278a (b) is a sentence enhancement or a separate substantive offense. We observe that the Appellate Court, in *State* v. *Player*, 58 Conn. App. 592, 596–98, 753 A.2d 947 (2000), concluded that the plain language and legislative history of § 21a-278a (b) reveal that the statute is a separate substantive offense, rather than a sentence enhancement provision. See also *State* v. *Denby*, 235 Conn. 477, 481–82, 668 A.2d 682 (1995) (plain language of § 21a-278a [b] requires as element of offense intent to sell or dispense narcotics within 1500 feet, formerly 1000 feet, of school). Because both the defendant and the state agree that § 21a-278a (b) is a separate substantive offense, we assume, without deciding, that § 21a-278a (b) is a distinct substantive offense. Nevertheless, the relevant language of §§ 21a-278a (b) and 53-202k is nearly identical. Section 21a-278a (b) provides for a sentence that "shall not be suspended and shall be in addition and consecutive to any term of imprisonment imposed for violation of section 21a-177," and § 53-202k provides for a sentence that "shall not be suspended or reduced and shall be in addition and consecutive to any term of imprisonment imposed for conviction of [a class B felony]."

The trial court did not have the option of suspending any portion of the three year term of imprisonment that it imposed for the defendant's violation of § 21a-278a (b) because that statute mandates a three year nonsuspendable and consecutive sentence. The trial court's only option was to impose the probationary period in conjunction with its decision to suspend the execution of the sentence for violating § 21a-277 (a) after four years of imprisonment. In other words, the probationary period could not have been linked to the violation of § 21a-278a (b); the trial court only could have imposed the probationary period after partially suspending the execution of the term of imprisonment for violating § 21a-277 (a). Although the trial court, in describing the sentence it was imposing on the defendant, apparently confused the defendant by first reciting the imprisonment terms and then reciting the period of probation, the sentence clearly revealed the court's intention concerning the nature of the punishment to be imposed.

We now turn to the defendant's claim that the trial court illegally sentenced him by adding the mandatory three year term of imprisonment for violating § 21a-278a (b) to his ten year total sentence for violating § 21a-277 (a).[4] Assuming without deciding that, as the

---

[4] The defendant does not claim that his conviction of both §§ 21a-277 (a) and 21a-278a (b) violated the constitutional prohibition against double jeopardy by punishing him twice for the same offense. "The double jeopardy clause of the fifth amendment to the United States constitution provides: [N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . . This constitutional provision is applicable to the states through the due process clause of the fourteenth amendment." (Internal quotation marks omitted.) *State* v. *Padua*, 273 Conn. 138, 172 n.39, 869 A.2d 192 (2005). In *State* v. *Pettigrew*, 124 Conn. App. 9, 35–36, 3 A.3d 148, cert. denied, 299 Conn. 916, 10 A.3d 1052 (2010), the Appellate Court held that a defendant's convictions of both conspiracy to distribute narcotics and conspiracy to distribute narcotics within 1500 feet of a public housing project violated the double jeopardy clause, as the convictions arose out of a single agreement such that only a single penalty could be imposed. In addition, this court previously has held that convictions of both possession of narcotics and possession of narcotics with intent to sell violated the prohibition against double jeopardy because possession is a lesser included

defendant argues, § 21a-278a (b) is a separate substantive offense and the reasoning of *McMahon* does not apply, we conclude that the trial court simply imposed an additional sentence for a separate offense. A court may impose multiple sentences to run consecutively with respect to each other. "Under General Statutes § 53a-37, the trial court is authorized to impose sentences on multiple counts either to run concurrently with each other or to run consecutively to each other. The determination whether to impose concurrent or consecutive sentences is a matter within the sound discretion of the trial court." *State* v. *King*, 249 Conn. 645, 688, 735 A.2d 267 (1999). Here, the trial court clearly stated that the sentence of three years imprisonment for violating § 21a-278a (b) was to run consecutively to the sentence imposed for violating § 21a-277 (a), resulting in a total effective sentence of thirteen years imprisonment, suspended after seven years, plus three years of probation.

Moreover, § 21a-278a (b) expressly provides that the three year sentence "shall not be suspended and shall be in addition and consecutive to any term of imprisonment imposed for violation of section 21a-177 . . . ." In light of the foregoing, the trial court was required to impose the three year consecutive mandatory minimum sentence in addition to the defendant's ten year total sentence for violating § 21a-277 (a) and it, therefore, was not an illegal sentence.

Furthermore, "[a] sentencing judge has very broad discretion in imposing any sentence within the statutory limits and in exercising that discretion he [or she] may

offense of possession with intent to sell and both charges arise from the same act or transaction. *State* v. *Mullins*, 288 Conn. 345, 377–78, 952 A.2d 784 (2008). The defendant in the present case, however, does not argue that his multiple sentences cannot stand because he was convicted and sentenced on two separate offenses arising from the same set of facts, and we therefore do not address that issue.

and should consider matters that would not be admissible at trial." (Internal quotation marks omitted.) *State v. Bletsch*, 281 Conn. 5, 20, 912 A.2d 992 (2007). We thus conclude that the trial court imposed a valid sentence on the defendant, and that the second trial court properly exercised its discretion in denying the defendant's motion to correct an illegal sentence.

The judgment is affirmed.

In this opinion the other justices concurred.