RICHARD J. POUNCEY, SR. *v.* COMMISSIONER OF
CORRECTION
(AC 23799)

Foti, Bishop and DiPentima, Js.

Argued May 24—officially released August 31, 2004

---

*Sarah F. Summons*, special public defender, for the appellant (petitioner).

*Nancy L. Chupak*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Richard J. Pouncey, Sr., appeals from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. On appeal, he claims that the court improperly concluded that (1) his claim of ineffective assistance of counsel at sentencing was moot and (2) he failed to plead an adequate liberty interest to support jurisdiction. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant to the petitioner's appeal. The petitioner was convicted of two counts of attempt to commit assault in the first degree. After reviewing the petitioner's presentence investigation report, the court sentenced him to twenty-four years in prison.[1]

The petitioner filed an amended petition for a writ of habeas corpus, dated March 10, 1995, in which he alleged ineffective assistance of counsel at sentencing because counsel provided him with insufficient time to review the report. The petitioner claimed that because the report contained errors and inaccuracies he (1) was

[1] This court affirmed his conviction; *State* v. *Pouncey*, 40 Conn. App. 624, 673 A.2d 547 (1996); as did the Supreme Court. *State* v. *Pouncey*, 241 Conn. 802, 699 A.2d 901 (1997).

prejudiced at sentencing and (2) had been and would continue to be prejudiced in future department of correction decisions, such as parole. The commissioner responded with a motion to quash, which was granted on ripeness grounds. Certification to appeal was granted, but no appeal was filed.

The petitioner brought a second amended petition for a writ of habeas corpus, dated April 15, 2000, in which he again asserted ineffective assistance of counsel at sentencing. After a hearing, the court dismissed the petition, holding that the petitioner had not been prejudiced by the report during sentencing. The court denied the petition for certification to appeal, and this court dismissed his subsequent appeal of the denial. *Pouncey* v. *Commissioner of Correction*, 75 Conn. App. 904, 819 A.2d 938 (2003).

On January 11, 2000, the petitioner filed this, his third petition for habeas corpus, claiming ineffective assistance of counsel in his first habeas proceeding on the basis of counsel's failure to appeal from the dismissal of that petition. He sought to have his right to appeal reinstated relative to the first petition. The respondent commissioner of correction filed a motion for summary judgment and dismissal on the ground that the third petition was moot because the petitioner had been provided the relief sought by the hearing and judgment on the merits of the second petition. The petitioner replied that the second petition addressed only count one of the first petition, which pertained to the report's prejudicial effect on sentencing, and not count two, which pertained to the report's prejudicial effect on future department of correction decisions. The petitioner contended that the right to appeal should be reinstated so that he could argue that the report had negatively impacted his parole hearing in 2000. The court granted the respondent's motion for summary judgment, holding that count one of the first petition was moot because the

relief sought had been granted and that count two did not raise a cognizable habeas claim because it failed to assert any liberty interest that was prejudiced by the report. The court granted the petition for certification to appeal, and this appeal followed.

On appeal, the petitioner claims that the court improperly granted the respondent's motion for summary judgment on mootness grounds and improperly dismissed the petition for failure to plead a liberty interest that was sufficient to support jurisdiction.[2]

I

The petitioner first claims that the court improperly rendered summary judgment on the ground that count one of the first petition was moot. He appears to argue that counsel's failure to appeal from the dismissal of the habeas petition was per se ineffective and that under such circumstances, prejudice is assumed. The petitioner asserts, that as a matter of law, he has the right to have his appellate rights restored relative to the first petition.

Our review of a rendering of summary judgment is subject to a well established standard of review. "[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Such questions of law are subject to plenary appellate review." (Internal quotation marks omitted.) *Faigel* v. *Fairfield University*, 75 Conn. App. 37, 39–40, 815 A.2d 140 (2003).

There is no question that "[m]ootness implicates the court's subject matter jurisdiction and is thus a thresh-

[2] The petitioner also argued in his brief that the court abused its discretion in denying the petition for certification to appeal from the dismissal of the third petition. That claim is without merit, as certification to appeal was in fact granted.

old matter for us to resolve. . . . It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Citations omitted; internal quotation marks omitted.) *Ayala* v. *Smith*, 236 Conn. 89, 93, 671 A.2d 345 (1996).

Count one of the first petition alleged ineffective assistance of counsel. Specifically, the petitioner claimed that he was given insufficient time to review the report. He claimed further that, as a result, the sentencing judge relied on an incorrect and inaccurate report to the petitioner's prejudice. That is precisely the same claim as that raised in the second petition and adjudicated on the merits. Were the petitioner's appellate rights to be reinstated and were he to succeed on appeal, the only relief available would be a hearing on an issue that has been fully litigated. Because no practical relief may be afforded, count one of the petitioner's first petition is moot, and the court properly granted the motion for summary judgment.

II

The petitioner's second claim on appeal is that the court improperly dismissed the current petition as to count two of the first petition for failure to plead an adequate liberty interest to support jurisdiction. In count two of the first petition, the petitioner claimed that because of the inaccuracies and errors in the report, he had been and would continue to be held in an inaccurate and unfavorable light with respect to determinations made by the department of correction, including those regarding eligibility for and terms of parole. At the hearing, the petitioner argued that he should have his right to appeal reinstated relative to

the first petition so that, assuming there was a remand on appeal, he could argue that his denial of parole in 2000 was due to the errors and inaccuracies in the report and, thus, that he was prejudiced by his counsel's ineffectiveness.

"Habeas corpus provides a special and extraordinary legal remedy for illegal detention. . . . The deprivation of legal rights is essential before the writ may be issued. . . . Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. . . . For [a] claim of illegal detention to be cognizable in a habeas action . . . the petitioner would . . . have to have some constitutional or statutorily created liberty interest . . . [at issue]." (Citations omitted; internal quotation marks omitted.) *Vincenzo* v. *Warden*, 26 Conn. App. 132, 137–38, 599 A.2d 31 (1991). An inmate has no protected statutory or constitutional liberty interest in parole; id., 143; or in a presentencing investigation report; *State* v. *Patterson*, 236 Conn. 561, 564, 674 A.2d 416 (1996). Because count two of his petition fails to allege a constitutional or statutory interest in the denial of his parole, the petitioner has failed to state a claim on which relief can be granted.

The judgment is affirmed.