JOHN MCCRAY *v.* COMMISSIONER OF CORRECTION
(AC 24983)

Dranginis, Bishop and West, Js.

Argued March 29—officially released June 21, 2005

*Thomas P. Mullaney III*, special public defender, for the appellant (petitioner).

*Rita M. Shair*, senior assistant state's attorney, with whom were *James E. Thomas*, state's attorney, and

*Thomas R. Garcia*, assistant state's attorney, and, on the brief, *Eileen F. McCarthy*, assistant state's attorney, and *George Ferko*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, John McCray, appeals from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly rejected his claim of ineffective assistance of counsel. Specifically, he claims that his trial counsel did not advise him adequately about the possibility of pursuing a motion to suppress evidence and, if the motion was denied, entering a plea of nolo contendere conditional on the right to appeal from the denial of the motion to suppress. We affirm the judgment of the habeas court.

The petitioner was charged in connection with the pipe bombing of an apartment in Hartford. On April 25, 1997, as jury selection was proceeding in the petitioner's trial, the petitioner decided to plead guilty under the *Alford* doctrine[1] to assault in the first degree as an accessory in violation of General Statutes §§ 53a-8 (a) and 53a-59 (a) (1), and to arson in the first degree as an accessory in violation of General Statutes §§ 53a-8 (a) and 53a-111 (a). The court then sentenced the petitioner to twenty-five years imprisonment, execution suspended after nine years, followed by five years probation. The petitioner did not appeal. On November 18, 2002, the petitioner filed an amended petition for a writ of habeas corpus. The court dismissed the petition on October 22, 2003, finding that the petitioner had failed

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). "The *Alford* doctrine allows a defendant to plead guilty without admitting guilt. In pleading guilty, however, the defendant acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea." (Internal quotation marks omitted.) *State* v. *Boscarino*, 86 Conn. App. 447, 451 n.4, 861 A.2d 579 (2004).

to prove that his trial counsel's assistance had been ineffective. Certification to appeal was granted, and this appeal followed.

The petitioner argues that his trial counsel should have advised him of an alternative to the *Alford* plea, one that would have preserved his appellate rights on evidentiary or testimonial suppression issues, namely, the filing of a motion to suppress evidence. The petitioner contends that if the motion had been denied, he then could have entered a plea of nolo contendere conditional on the right to appeal from such denial. See General Statutes (Rev. to 1997) § 54-94a.[2] In the petitioner's view, trial counsel's failure to advise him of the right to appeal from the denial of a motion to suppress requires that we reverse the judgment of the habeas court and vacate the *Alford* plea.[3] At the habeas hearing, however, the petitioner limited his claim of ineffective assistance of counsel to his attorney's alleged failure (1) to advise him of his chance of prevailing at trial, (2) to explain to him the evidence in his favor, (3) to locate and to interview witnesses and (4) to suppress evidence. In the present appeal, the petitioner does not argue that counsel's assistance was ineffective

[2] General Statutes (Rev. to 1997) § 54-94a provides in relevant part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress evidence based on an unreasonable search or seizure, motion to suppress statements and evidence based on the involuntariness of a statement or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. . . ."

[3] In that regard, the petitioner directs us to *State* v. *Turner*, 267 Conn. 414, 838 A.2d 947, cert. denied, 543 U.S. 809, 125 S. Ct. 36, 160 L. Ed. 2d 12 (2004), which stated that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." (Internal quotation marks omitted.) Id., 429.

because he failed to suppress evidence; instead, the petitioner argues that counsel's assistance was ineffective because counsel did not explain adequately the right to plead guilty and to appeal from the denial of a motion to suppress.

The petitioner concedes that the argument he now raises was not raised at his habeas hearing. "This court is not bound to consider claimed errors unless it appears on the record that the question was distinctly raised . . . and was ruled upon and decided by the court adversely to the appellant's claim. . . . To review [the question] now would amount to an ambuscade of the [habeas] judge." (Citation omitted; internal quotation marks omitted.) *Oliphant* v. *Commissioner of Correction*, 80 Conn. App. 613, 618, 836 A.2d 471 (2003), cert. denied, 268 Conn. 907, 845 A.2d 412 (2004). Because the petitioner did not raise his present claim before the habeas court, we decline to review it.

As an alternative to a judgment of reversal, the petitioner urges us to remand the case to the habeas court for an evidentiary hearing on whether his trial counsel advised him about the potential strategy involving a motion to suppress and a conditional plea of nolo contendere. We decline to remand the case because the petitioner had an opportunity to pursue that issue at his habeas hearing.

The judgment is affirmed.