DAMON FALCON *v.* COMMISSIONER OF
CORRECTION
(AC 26906)

Schaller, DiPentima and Lavine, Js.

Argued September 19—officially released November 7, 2006

James M. Fox, special public defender, for the appellant (petitioner).

Gerard P. Eisenman, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Damon Falcon, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court, *White, J.,* dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion when it concluded that he was not denied the effective assistance of counsel. We dismiss the appeal.

The petitioner pleaded guilty to four crimes alleged in two separate informations[1] and was given an effective sentence of twenty years in prison and ten years of special parole pursuant to a plea agreement.[2] The charges arose from the petitioner's March, 1999 attack on his former girlfriend and his April, 1999 shooting of her new companion, severing the victim's spinal cord.[3]

---

[1] The petitioner pleaded guilty to assault in the first degree in violation of General Statutes § 53a-59 (a) (1), burglary in the first degree in violation of General Statutes § 53a-101 (a) (1), assault in the third degree in violation of General Statutes § 53a-61 (a) (1) and unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a).

[2] The petitioner faced a maximum sentence of forty-six years in prison.

[3] At the time the petitioner pleaded guilty, the prosecutor represented to the court: "[The petitioner] shot the gun at [the victim], hitting him once, severing his spinal cord. . . . He is a paraplegic today."

At sentencing, the court stated: "The innocent victim, who [was] nineteen years old at that time, is seriously injured by a . . . firearm and now paralyzed from the waist down."

At sentencing, the victim was given an opportunity to address the court. He walked to the podium where he stated: "From his actions, I was paralyzed from the waist down for three months . . . ."

Prior to sentencing, the petitioner filed a motion to withdraw his guilty pleas, arguing that the agreed on sentence was too harsh.[4] The trial court, *Thim, J.*, denied the motion to withdraw the guilty pleas and sentenced the petitioner as agreed.[5]

In his amended petition for a writ of habeas corpus, the petitioner alleged that he received the ineffective assistance of counsel under the federal constitution when his counsel failed (1) to inform him that the victim was no longer a paraplegic and (2) to ensure that the petitioner voluntarily had pleaded guilty to the crimes with which he was charged. Judge White found that the petitioner had failed to prove that his counsel performed deficiently or that there is a reasonable likelihood that the petitioner would have insisted on going to trial or that he would have prevailed at trial. Judge White noted that Judge Thim had reviewed the elements of the crime of assault in the first degree at the time the petitioner pleaded guilty and that an essential element of assault in the first degree is serious physical injury, not paraplegia or paralysis. Judge White found, pursuant to his review of the plea canvass, that Judge

---

[4] The petitioner submitted a written motion to withdraw his pleas. Prior to the ruling on the motion, the petitioner stated to the trial court, *Thim, J.*, in response to the court's inquiry: "As far as withdrawing my plea, like I stated before, you know, I did not fully understand the fact that the time would be consecutive because my attorney stated to me it was going to be run together once I was sentenced. And I later found out that was not true. So based upon that, you know, I did not fully understand, based upon that, as far as what I was copping out to. So, that is all I want to say for now."

[5] As to the more serious charges, the court sentenced the petitioner to fifteen years in prison on a charge of assault in the first degree and five years in prison and ten years of special probation on a charge of burglary in the first degree. As to the less serious charges, the court sentenced the petitioner to one year in prison on a charge of assault in the third degree and five years in prison on a charge of unlawful restraint in the first degree to be served concurrently with the sentence on the more serious crimes. The petitioner was on probation at the time he committed the crimes. His probation was revoked, and he was sentenced to serve the remainder of his probation concurrent with the other sentences.

Thim made the terms of the agreed sentence quite clear, and that the petitioner indicated that he was pleading guilty voluntarily and that he understood the total effective sentence.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for the counsel's mistakes, the result of the proceedings would have been different." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 83 Conn. App. 595, 597, 850 A.2d 1063, cert. denied, 271 Conn. 905, 859 A.2d 560 (2004); see also *Strickland* v. *Washington*, 466

U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445, 610 A.2d 598 (1992).

"For ineffectiveness claims resulting from guilty pleas, we apply the standard set forth in *Hill* v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) . . . . To satisfy the prejudice prong, the petitioner must show a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *Hernandez* v. *Commissioner of Correction*, 82 Conn. App. 701, 706, 846 A.2d 889 (2004).

We have reviewed the transcripts of Judge Thim's thorough plea canvass,[6] his ruling on the motion to withdraw and the parties' briefs, and listened to the parties' arguments on appeal.[7] We conclude that Judge

---

[6] At the conclusion of an extensive canvass of the petitioner, Judge Thim stated: "Then, I am satisfied the pleas are voluntarily and knowingly made with the assistance of competent counsel. There is a factual basis for the pleas. The pleas are accepted. Now, it's my understanding, and let me just confirm this, that the total effective sentence is to be a sentence of twenty years followed by a ten year period of special parole. Is that everyone's understanding?

"[Defense Counsel]: Yes, Your Honor.

"[The Prosecutor]: Yes, Your Honor.

"The Court: That will be fifteen years on the assault first degree charge, five years consecutive on the burglary in the first degree charge followed by a ten year period of special parole. So, that will be a total effective sentence of twenty years, and, thereafter, [the petitioner] will enter a sentence of special parole for ten years.

"The other matters, the assault in the third degree and the unlawful restraint, are to be concurrent so that the total effective sentence will be just as I have stated, twenty followed by a ten year period of special parole. . . . Mr. Falcon, do you have any questions about today's proceedings?

"[The Petitioner]: No."

[7] The petitioner presented no evidence at the habeas trial that counsel has a duty to keep a defendant informed of the victim's injuries and recovery. His brief and argument before us is devoid of law in support of his claim. As Judge White stated, the issue is not whether the victim suffered a permanent injury, paraplegia, or temporarily was paralyzed, but whether the petitioner had inflicted a serious physical injury with a weapon. There was no question that the petitioner shot the victim or that the victim suffered a serious physical injury.

White did not abuse his discretion in denying the petition for certification to appeal. The issues presented are not debatable among jurists of reason, a court could not resolve the issues in a different manner and the questions are not adequate to deserve encouragement to proceed further. See *Owens* v. *Commissioner of Correction*, 63 Conn. App. 829, 831, 779 A.2d 165, cert. denied, 258 Conn. 905, 782 A.2d 138 (2001).

The appeal is dismissed.