# CHARLES DANZY *v.* COMMISSIONER OF CORRECTION
## (AC 26523)

DiPentima, Lavine and Dupont, Js.

Argued December 5, 2006—officially released April 17, 2007

*William S. Palmieri*, special public defender, for the appellant (petitioner).

*Yamini Menon*, special deputy assistant state's attorney, with whom were *Michael E. O'Hare*, supervisory assistant state's attorney, and, on the brief, *Walter D. Flanagan*, state's attorney, and *David M. Holzbach*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVINE, J. The petitioner, Charles Danzy, appeals after the denial of his petition for certification to appeal

from the judgment of the habeas court denying his second amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claims that his trial counsel, Dennis P. McDonough, rendered ineffective assistance. We dismiss the appeal.

On December 4, 2002, the petitioner entered a plea of nolo contendere to a charge of assault in the first degree in violation of General Statutes § 53a-59. Several eyewitnesses saw the petitioner discharge a gun at a man in a club in Danbury. A gunshot residue test detected no residue on the petitioner's hands.

The petitioner initially rejected a plea offer because he apparently wanted to enter a conditional plea of nolo contendere to preserve his right to appeal.[1] After conferring with McDonough, who indicated that such an option was not available, the petitioner executed a written nolo contendere plea. The trial court canvassed the petitioner and found that the plea was knowingly and voluntarily made, with the assistance of competent counsel. On January 8, 2003, the trial court denied the petitioner's motion to withdraw his plea, which alleged ineffective assistance of counsel, and sentenced him to twenty years imprisonment, execution suspended after twelve years, five years of which are mandatory and nonsuspendable. The court also imposed five years probation.

On November 3, 2004, the petitioner filed a second amended petition for a writ of habeas corpus, in which

---

[1] We note that the petitioner claims for the first time on appeal to this court that his plea was not knowing and voluntary because he was confused about what a conditional nolo contendere plea was and whether it was appropriate. As this claim was not raised in the habeas petition, we decline to afford it review. See *McCray* v. *Commissioner of Correction*, 89 Conn. App. 687, 690, 874 A.2d 846 (2005).

he alleged that McDonough rendered ineffective assistance in that he did not (1) investigate the case adequately, (2) interview various witnesses, (3) make effective use of the gunshot residue analysis report, (4) have the petitioner's clothing tested for gunshot residue, (5) represent the petitioner zealously and (6) file necessary motions, including a motion to suppress. The petitioner asserted that but for counsel's failures, he would not have entered into the plea agreement and, as a result, the plea was not knowing, intelligent and voluntary.

On March 3, 2005, the habeas court conducted a hearing on the petition at which the petitioner, McDonough, and Deborah Messina, a forensic expert at the forensic science laboratory of the department of public safety, testified. Messina unequivocally testified that the results, which indicated that gunshot residue was not found on the petitioner, did not preclude the petitioner from culpability and that residue also may be detected on individuals who have not fired a weapon but who merely have been in close proximity to a gun when fired.

The court thereafter issued a detailed and well reasoned opinion in which it denied the petition and made the following findings. "McDonough employed an investigator who attempted to interview all relevant witnesses, reviewed the gunshot residue results and exploited them to the extent possible, and stood firm in refusing to pursue any course of action that risked compromising his client's case. . . . It is clear that . . . McDonough's representation of the petitioner was clearly within the standards of competence expected of attorneys in criminal cases. Moreover, the petitioner has failed to show how any of the alleged deficiencies in counsel's performance would have resulted in anything but a conviction . . . ."

The habeas court also noted that "[p]rior to accepting the plea, the [trial court] thoroughly canvassed the petitioner. . . . [The petitioner] indicated that he had had enough time to talk with . . . McDonough about his case and his decision to enter his plea, and he indicated that he was satisfied with his attorney's representation of him. . . . He specifically denied being threatened or forced to enter his plea and agreed that he was entering the plea voluntarily. . . . [A]t no time during the canvass did [the petitioner] indicate his discontent with . . . McDonough or that he had any further issue with the investigation, the gunshot residue results and their implications or the filing of motions. The record is clear that [the petitioner] was aware of his rights and weighed the relative benefits and risks inherent in pleading out versus pursuing his right to a jury trial."

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a

reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 83 Conn. App. 595, 597, 850 A.2d 1063, cert. denied, 271 Conn. 905, 859 A.2d 560 (2004).

"For ineffectiveness claims resulting from guilty pleas, we apply the standard set forth in *Hill* v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985) . . . . To satisfy the prejudice prong, the petitioner must show a reasonable probability that, but for counsel's error, he would not have pleaded guilty[2] and would have insisted on going to trial." (Internal quotation marks omitted.) *Falcon* v. *Commissioner of Correction*, 98 Conn. App. 356, 360, 908 A.2d 1130, cert. denied, 280 Conn. 948, 912 A.2d 480 (2006).

"When reviewing the decision of a habeas court, the facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . This court does not retry the case or evaluate the credibility of the witnesses. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Citations omitted; internal quotation marks omitted.) *Dwyer* v. *Commissioner of Correction*, 69 Conn. App. 551, 561–62, 796 A.2d 1212, cert. denied, 261 Conn. 906, 804 A.2d 212 (2002).

With those principles in mind, we have reviewed the entire record before us. We conclude that the petitioner has failed to carry his burden of demonstrating that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or

---

[2] "A nolo contendere plea has the same effect as a guilty plea, but a nolo contendere plea cannot be used against the [petitioner] as an admission in a subsequent criminal or civil case." *State* v. *Commins*, 276 Conn. 503, 510, 886 A.2d 824 (2005).

that the questions deserve encouragement to proceed further. See *Anderson* v. *Commissioner of Correction*, supra, 83 Conn. App. 597. The denial of the petition for certification to appeal was not an abuse of discretion.

The appeal is dismissed.

In this opinion the other judges concurred.