## THOMAS S. EDWARDS *v.* COMMISSIONER OF CORRECTION
### (AC 27421)

Flynn, C. J., and DiPentima and Lavine, Js.

Argued September 19, 2007—officially released January 1, 2008

*William S. Palmieri*, special public defender, for the appellant (petitioner).

*David M. Carlucci*, deputy assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Michael A. DeJoseph*, assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, C. J. The petitioner, Thomas S. Edwards, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly concluded that the trial court had jurisdiction to accept the petitioner's guilty plea. We dismiss the appeal.

The following procedural history underlies the petitioner's claim. The petitioner originally was charged with two counts of sexual assault in the first degree and one count of kidnapping in the first degree in violation of General Statutes §§ 53a-70 and 53a-92, respectively. On October 7, 2003, the state submitted a substitute information in which it charged the petitioner with one count of unlawful restraint in the first degree

in violation of General Statutes § 53a-95, to which the defendant pleaded guilty under the *Alford* doctrine[1] that same day. The court accepted the plea, and the petitioner was sentenced to five years imprisonment, which was to be served concurrently with another sentence already being served.

On September 16, 2005, the petitioner filed an amended petition for a writ of habeas corpus, claiming, inter alia, that the trial court did not have jurisdiction to accept his guilty plea because it failed to hold a hearing in probable cause within sixty days of the filing of the information. Accordingly, he argued, his plea was null and void. The respondent commissioner of correction filed a motion for summary judgment, which was granted by the habeas court upon finding that there was no genuine issue of material fact and that the petitioner had not been entitled to a hearing in probable cause and had cited no case law to support the proposition that he had been entitled to such a hearing when the aggregate of the charges exposed him to a possible life sentence. The court also concluded that by pleading guilty to the charge of unlawful restraint in the first degree, the petitioner had waived any alleged defect in the failure to hold a probable cause hearing. The petitioner then filed a petition for certification to appeal, which the habeas court denied. This appeal followed.

The petitioner claims that the court abused its discretion in denying his petition for certification to appeal from the court's rendering of summary judgment on his habeas petition, improperly concluding that he had not been entitled to a hearing in probable cause during his criminal proceedings. We do not agree.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). "To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Falcon* v. *Commissioner of Correction*, 98 Conn. App. 356, 359, 908 A.2d 1130, cert. denied, 280 Conn. 948, 912 A.2d 480 (2006).

Additionally, we note that "[o]ur review of a rendering of summary judgment is subject to a well established standard of review. [S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Such questions of law are subject to plenary appellate review." (Internal quotation marks omitted.) *Pouncey* v. *Commissioner of Correction*, 84 Conn. App. 734, 737, 854 A.2d 1129 (2004).

The petitioner argues that pursuant to General Statutes § 54-46a (a),[2] the court was required to hold a hearing in probable cause within sixty days of the state's filing of the information and that the state and the court

[2] General Statutes § 54-46a (a) provides: "No person charged by the state, who has not been indicted by a grand jury prior to May 26, 1983, shall be put to plea or held to trial for any crime punishable by death or life imprisonment unless the court at a preliminary hearing determines there is probable cause to believe that the offense charged has been committed and that the accused person has committed it. The accused person may knowingly and voluntarily waive such preliminary hearing to determine probable cause."

both agreed on October 7, 2003, that he was entitled to such a hearing, but the court accepted his guilty plea before holding the hearing. He further argues that the trial court's failure to hold the hearing and to find probable cause requires that his conviction be vacated because the court lacked jurisdiction over his person and, therefore, was unable to accept his *Alford* plea. The respondent asserts that the habeas court did not abuse its discretion in denying certification to appeal because "[a]t no time during the trial court proceedings was the petitioner ever entitled to a hearing in probable cause, and the trial court consistently had jurisdiction over the petitioner and his criminal case because the petitioner never faced a single charge that exposed him to imprisonment for life." Additionally, the respondent argues that by pleading guilty to a single substituted charge of unlawful restraint in the first degree, a crime punishable by a maximum of five years imprisonment, the petitioner waived any challenge based on personal jurisdiction. We agree with each argument advanced by the respondent.

First, because the petitioner entered an unconditional plea of guilty, we conclude that he waived his right to contest the trial court's jurisdiction over his person.

"In *State* v. *Mitchell*, 200 Conn. 323, 332, 512 A.2d 140 (1986), [our Supreme Court] recognized that an adversarial probable cause hearing is a critical stage in the prosecution of a defendant and held that under the express terms of article first, § 8, of our state constitution as amended, [a valid probable cause hearing] is a jurisdictional prerequisite to continuing prosecution." (Internal quotation marks omitted.) *State* v. *Niblack*, 220 Conn. 270, 275–76, 596 A.2d 407 (1991). Our Supreme Court's reference to a jurisdictional prerequisite, however, pertained to jurisdiction over the person of the defendant and not to subject matter jurisdiction. Id.; *State* v. *John*, 210 Conn. 652, 665 n.8, 557 A.2d 93,

cert. denied, 493 U.S. 824, 110 S. Ct. 84, 107 L. Ed. 2d 50 (1989); see also *State* v. *Boyd*, 214 Conn. 132, 136, 570 A.2d 1125 (1990), on appeal after remand, 221 Conn. 685, 607 A.2d 376, cert. denied, 506 U.S. 923, 113 S. Ct. 344, 121 L. Ed. 2d 259 (1992); *State* v. *McPhail*, 213 Conn. 161, 170, 567 A.2d 812 (1989).

"Personal jurisdiction may be established by consent of the accused or by waiver unless an objection is properly preserved. The accused waives his objection to personal jurisdiction by pleading not guilty and by going to trial." *State* v. *Ong*, 30 Conn. App. 45, 49, 618 A.2d 583, cert. denied, 225 Conn. 909, 621 A.2d 290 (1993). Similarly, a "defendant's unconditional guilty plea constitutes a waiver of his subsequent challenge to the trial court's in personam jurisdiction." *State* v. *Niblack*, supra, 220 Conn. 275.

"Although General Statutes § 54-46a (b) provides that an accused shall be afforded a probable cause hearing within sixty days of the filing of the information, § 54-46a (a) provides that the accused person may knowingly and voluntarily waive such preliminary hearing to determine probable cause. In *Johnson* v. *Zerbst*, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938), the United States Supreme Court articulated the classic definition of waiver, stating [that] a waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. An effective waiver presupposes full knowledge of the right or privilege allegedly waived and some act done designedly or knowingly to relinquish it. . . . Moreover, the waiver must be accomplished with sufficient awareness of the relevant circumstances and likely consequences. . . . The existence of the waiver depends on the unique circumstances of each case . . . and the particular facts and conditions surrounding that case, including the background, experience and conduct of the accused. . . . The waiver, however, does not have to be express, but may be implied from the

acts or conduct of the defendant." (Citations omitted; internal quotation marks omitted.) *State* v. *Ramos*, 201 Conn. 598, 603–604, 519 A.2d 9 (1986).

Here, although the petitioner requested a probable cause hearing on October 7, 2003, demonstrating that he presupposed he had such a right, and the court agreed to hold such a hearing, the petitioner then decided to accept a plea bargain and pleaded guilty to a reduced charge that same day, before the date scheduled for the hearing in probable cause. By unconditionally accepting this plea deal and pleading guilty, the petitioner waived any challenge to the court's jurisdiction over his person.

Furthermore, in this case, the state filed a substitute information, and the petitioner knowingly, voluntarily and intelligently pleaded guilty to a charge of unlawful restraint in the first degree, a class D felony, punishable by one to five years imprisonment. See General Statutes §§ 53a-95 and 53a-35a. Once the state filed the substituted information charging only a class D felony, the petitioner was not facing a life sentence for any individual charge or for any aggregated charges, and, therefore, he would not have been entitled to a hearing in probable cause even under his theory. We have determined previously that when the state amends an information and the defendant no longer faces the possibility of a life sentence, it is not improper for the trial court to proceed without affording the defendant a hearing in probable cause. See, e.g., *State* v. *Nicholson*, 71 Conn. App. 585, 596, 803 A.2d 391, cert. denied, 261 Conn. 941, 808 A.2d 1134 (2002), on appeal after remand, 83 Conn. App. 439, 850 A.2d 1089, cert. denied, 271 Conn. 906, 859 A.2d 565 (2004), cert. denied, 543 U.S. 1162, 125 S. Ct. 1327, 161 L. Ed. 2d 134 (2005).

Nevertheless, even if we were to assume that the petitioner did not waive his challenge to the court's

jurisdiction or that the amended information negated any need for a probable cause hearing, we still would conclude that the petitioner was not entitled to a probable cause hearing based on the aggregate of the maximum sentences for the charges contained in the initial information. See generally *State* v. *Brown*, 279 Conn. 493, 504, 903 A.2d 169 (2006) (defendant's challenge to validity of probable cause hearing, despite waivability of personal jurisdiction defects, reviewed because variations in our case law could be interpreted to indicate that defects may implicate constitutional rights to probable cause hearing).

The petitioner argues that, pursuant to § 54-46a, which finds its origins in article first, § 8, of the Connecticut constitution,[3] he was entitled to a probable cause hearing because the charges in the original information exposed him to a potential life sentence when considered in the aggregate. He likens his situation to the situation of a defendant facing a part B information. We also note that the petitioner does not analyze his claim in terms of a violation of our state constitution; rather, he briefs it as a violation of § 54-46a as interpreted by our case law. Accordingly, we consider any separate claim arising specifically under the state constitution inadequately briefed and look only to the statutory requirements of § 54-46a. See *State* v. *Colon*, 272 Conn. 106, 153 n.19, 864 A.2d 666 (2004) ("[a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly" [internal quotation marks omitted]), cert. denied, 546 U.S. 848, 126 S. Ct. 102, 163 L. Ed. 2d 116 (2005).

---

[3] Article first, § 8 (a) of the constitution of Connecticut, as amended by articles seventeen and twenty-nine of the amendments, provides in relevant part that "[n]o person shall be held to answer for *any crime*, punishable by death or life imprisonment, unless upon probable cause shown at a hearing in accordance with procedures prescribed by law . . . ." (Emphasis added.)

In determining whether § 54-46a mandates that a defendant, who is exposed to a sentence totaling more than sixty years imprisonment when all charges are combined, is entitled to a hearing in probable cause, we employ our well settled principles of statutory construction. "Statutory interpretation is a matter of law over which this court's review is plenary. . . . In construing statutes, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, we [first] look to the words of the statute itself . . . . [A]lthough we recognize the fundamental principle that [penal] statutes are to be construed strictly, it is equally fundamental that the rule of strict construction does not require an interpretation which frustrates an evident legislative intent. . . . We begin our analysis with the words of the statute itself . . . [t]he plain language of . . . [which] offers insight as to the legislature's intent." (Citations omitted; internal quotation marks omitted.) *State* v. *Gibbs*, 254 Conn. 578, 601–602, 758 A.2d 327 (2000). "[U]nder General Statutes § 1-2z, we cannot look beyond the text of the statutory language if that language, as applied to the facts of the case, is plain and unambiguous and does not yield a bizarre or unworkable result." *State* v. *Casiano*, 282 Conn. 614, 620 n.12, 922 A.2d 1065 (2007). In the case at bar, there is no contention that the statutory language at issue is not plain and unambiguous as applied.

General Statutes § 54-46a provides in relevant part: "(a) No person charged by the state . . . shall be put to plea or held to trial for *any crime* punishable by death or life imprisonment unless the court at a preliminary hearing determines there is probable cause to believe that the *offense charged* has been committed and that the accused person has committed *it*. The accused person may knowingly and voluntarily waive such preliminary hearing to determine probable cause. . . ." (Emphasis added.)

The statute on its face contains the terms "any crime," "the offense" and "it" when mandating that a defendant exposed to a punishment of life imprisonment or death be given a preliminary hearing in probable cause. There is nothing in the statute that refers to crimes, offenses or an aggregation of crimes or offenses, and the petitioner has referred us to no case law or other authority that has interpreted this statute to require a probable cause hearing when the aggregate of the charges exposes a defendant to sixty years imprisonment, but the crimes, when considered individually, expose a defendant to less than sixty years on each charge. We agree with the state's argument that if we took the petitioner's claim to its logical conclusion, any person charged with sixty class A misdemeanors, which potentially would expose that person to sixty years imprisonment, would be entitled to a hearing in probable cause on each and every misdemeanor charge. The petitioner has provided no authority for the proposition that this is what the legislature intended, nor does it seem a logical result. Because "it is also a fundamental principle of statutory construction that courts must interpret statutes using common sense and assuming that the legislature intended a reasonable and rational result; *State* v. *Lutters*, 270 Conn. 198, 218, 853 A.2d 434 (2004); we simply cannot agree with the petitioner's proposed expansion of § 54-46a.

On the basis of the foregoing analysis, we conclude that the petitioner has not shown that the issues raised with regard to the court's denial of his petition for a writ of habeas corpus are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616. Accordingly, the petitioner has failed to demonstrate that the court's denial of his petition for certification to appeal constituted an abuse of discretion.

The appeal is dismissed.

In this opinion the other judges concurred.