SHAWN NEWSOME *v.* COMMISSIONER
OF CORRECTION
(AC 28943)

Lavine, Robinson and Foti, Js.

Argued April 15—officially released July 15, 2008

*Raymond J. Rigat*, for the appellant (petitioner).

*Frederick W. Fawcett*, supervisory assistant state's attorney, with whom, on the brief, was *Jonathan C. Benedict*, state's attorney, for the appellee (respondent).

*Opinion*

FOTI, J. The petitioner, Shawn Newsome, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his second petition for a writ of habeas corpus. On appeal, the petitioner claims that the court abused its discretion in denying certification to appeal and that it improperly rejected his claims that the trial court denied him due process of law by improperly admitting into evidence (1) the prior inconsistent statements of a witness as substantive evidence and (2) the prior inconsistent statements as substantive evidence when they

constituted the sole evidence of the petitioner's guilt.[1] We dismiss the appeal.

On May 26, 1993, the petitioner was convicted, after a jury trial, of murder in violation of General Statutes § 53a-54a and sentenced to forty-five years in prison. Our Supreme Court affirmed his conviction on direct appeal. See *State* v. *Newsome*, 238 Conn. 588, 682 A.2d 972 (1996). On April 30, 1997, the petitioner filed a petition for a writ of habeas corpus, and a trial was held on February 23, 2000. On May 16, 2000, the habeas court, *Alander, J.*, denied the petition. On May 24, 2000, the court denied the petition for certification to appeal from the denial of the petition for a writ of habeas corpus. The petitioner then appealed, and the appeal was dismissed. See *Newsome* v. *Commissioner of Correction*, 64 Conn. App. 904, 777 A.2d 757, cert. denied, 258 Conn. 921, 782 A.2d 1245 (2001).

On October 18, 2001, the petitioner sought a writ of habeas corpus in the United States District Court for the District of Connecticut, challenging his conviction of murder. The petitioner brought five claims in this petition for a writ of habeas corpus. On November 17, 2004, the District Court held in a memorandum of decision that the first and fourth claims had been adjudicated in the petitioner's direct appeal and that the fifth claim had been heard and rejected by the habeas court. The court found, however, that the second and third claims had not been presented to any state court for review. Therefore, the District Court stayed the case for thirty days and dismissed without prejudice the unexhausted claims.[2] As a result, on December 7, 2004,

---

[1] Although the petitioner failed to raise these claims on direct appeal, the respondent, the commissioner of correction, failed to raise the affirmative defense of procedural default in the return to the petition for a writ of habeas corpus. See Practice Book § 23-30 (b).

[2] The District Court cited § 2254 (b) (1) (A) of title 28 of the United States Code for the proposition that "[a] petitioner seeking habeas corpus relief from a state court judgment must first exhaust all available state remedies." Additionally, the court cited *Rose* v. *Lundy*, 455 U.S. 509, 510, 102 S. Ct.

the petitioner filed in state court a second petition for a writ of habeas corpus and alleged two claims: (1) that the admission of a witness' prior inconsistent statements for substantive purposes violated his right to due process and (2) that the admission of the prior inconsistent statements by the witness for substantive purposes violated the petitioner's due process rights because the statements were the sole evidence of the petitioner's guilt. On December 11, 2006, the petitioner filed a motion for summary judgment. On June 4, 2007, the habeas court, *Fuger, J.,* denied the motion for summary judgment[3] and denied the petition for a writ of habeas corpus. Subsequently, on June 8, 2007, the petitioner filed a petition for certification to appeal, which was denied by the court on the same day. This appeal followed. Additional facts will be set forth as necessary.

We begin by setting forth the standard of review and legal principles that guide our resolution of the petitioner's appeal. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . .

---

1198, 71 L. Ed. 2d 379 (1982), for the holding that "a district court must dismiss all 'mixed petitions' that contain both exhausted and unexhausted claims."

[3] In its memorandum of decision, the court noted that "[t]he parties agreed that there are no material facts in dispute and that no evidence is necessary or required to adjudicate this matter." The court, therefore, applied the law to the undisputed facts and concluded that the petitioner was not entitled to judgment as a matter of law with respect to either of his two claims.

"Additionally, we note that [o]ur review of a rendering of summary judgment is subject to a well established standard of review. [S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Such questions of law are subject to plenary appellate review." (Citations omitted; internal quotation marks omitted.) *Edwards* v. *Commissioner of Correction*, 105 Conn. App. 124, 126–27, 936 A.2d 716 (2008).

I

First, the petitioner claims that the habeas court improperly rejected his claim that he was denied due process of law when the trial court admitted the prior inconsistent statements of a witness as substantive evidence. We disagree with the petitioner.

The following additional facts are relevant to the disposition of the petitioner's claim. On March 4, 1992, a police officer, David Daniels, heard two gunshots fired in the area of 455 Trumbull Avenue in Bridgeport. When Daniels responded, he discovered the victim, who had been shot fatally in the face. The following day, the police questioned Rodney Womble, who, in a signed, sworn statement, identified the petitioner as the person who had shot the victim.

The petitioner was arrested and charged with the victim's murder. At both the probable cause hearing and the trial, Womble testified that although he had witnessed the shooting, he had not been able to identify the person who had shot the victim. He admitted that he had told the police that the petitioner had shot the victim, but he testified that he only had heard rumors that the petitioner had been the one who shot the victim. At the probable cause hearing, the state introduced the portion of Womble's prior statement to the police in

which he described the shooting. This portion of the statement was offered for substantive purposes pursuant to *State* v. *Whelan*, 200 Conn. 743, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986). At trial, the state introduced Womble's entire statement for substantive purposes pursuant to *Whelan*. Womble's statement provided the only identification evidence against the petitioner. The petitioner was afforded the opportunity to cross-examine Womble at both the probable cause hearing and at trial.

In essence, the petitioner argues that because Womble disavowed his initial statement at both the trial and the probable cause hearing, the petitioner was prevented from having a "meaningful opportunity to cross-examine Womble . . . ." Furthermore, he states that "confronting a witness who has made a prior inconsistent statement calls for the cross-examination of a witness who is not truly available as a witness." Finally, the petitioner asserts that the confrontation clause and the due process clause mandate that a prior inconsistent statement is sufficient to convict only if the accused has had an opportunity to cross-examine the declarant "at the time the prior statement was made or when the declarant was still affirming its truth."

In its memorandum of decision, the habeas court noted that the petitioner cited *Crawford* v. *Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), for his claim that the admission of Womble's prior inconsistent statement as substantive evidence violated his right to due process. The court then cited *Whorton* v. *Bockting*, 549 U.S. 406, 127 S. Ct. 1173, 167 L. Ed. 2d 1 (2007), in which the United States Supreme Court decided that *Crawford* would not be given retroactive effect. The court then stated that the petitioner was convicted in 1993, our Supreme Court affirmed his judgment of conviction in 1996, *Crawford* was released in

2004 and *Whorton* was released in 2007. The court concluded, therefore, that the petitioner's reliance on *Crawford* was misplaced and that "[t]he legal authority that [the] petitioner's first claim is premised on has vaporized as a result of *Whorton,* and, therefore, he cannot be entitled to judgment as a matter of law.[4]

The habeas court is correct that pursuant to *Whorton,* the petitioner's reliance on *Crawford* is misplaced, and he, therefore, is not entitled to judgment as a matter of law pursuant to *Crawford.* See *Whorton* v. *Bockting,* supra, 549 U.S. 421. Accordingly, we conclude that the petitioner has not shown that the resolution of the underlying claim involved issues that are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. Because the petitioner did not demonstrate any of these criteria, he failed to prove that the court abused its discretion in denying the petition for certification to appeal with respect to the claim that the habeas court rejected his claim that the trial court denied him due process of law by admitting improperly the prior inconsistent statements as substantive evidence.

II

Next, the petitioner claims that the habeas court improperly rejected his claim that the trial court improperly admitted Womble's prior inconsistent statements as substantive evidence when they constituted

---

[4] In addition to the *Crawford* argument, the petitioner made other arguments in his memorandum of law in support of his motion for summary judgment before the habeas court and in his appeal before this court. Nevertheless, the habeas court did not address those arguments in its memorandum of decision, and the petitioner did not file a motion for articulation as to why the habeas court did not address those additional arguments. Therefore, because the habeas court did not rule on those arguments, we cannot review them because to do so would result in an ambuscade of the habeas court. See *Brown* v. *Commissioner of Correction,* 104 Conn. App. 144, 149, 931 A.2d 963, cert. denied, 284 Conn. 937, 937 A.2d 693 (2007).

the only evidence of the petitioner's guilt. We disagree with the petitioner.

The petitioner relies on a footnote in *California* v. *Green*, 399 U.S. 149, 90 S. Ct. 1930, 26 L. Ed. 2d 489 (1970), in which the United States Supreme Court suggested that "considerations of due process, wholly apart from the Confrontation Clause, might prevent convictions where a reliable evidentiary basis is totally lacking." Id., 164 n.15. The petitioner argues that "while *Green* stands for the proposition that prior inconsistent statements can be used as substantive evidence, it does not stand for the proposition that such evidence by itself is enough to satisfy the threshold burden of proof beyond reasonable doubt."[5]

In its memorandum of decision, the habeas court concluded that the *Green* footnote "is not the Supreme Court's holding in *California* v. *Green*, supra, 399 U.S. 149." It therefore concluded that "[s]tatements by higher courts that are not germane to deciding a controversy are classic obiter dictum and do not have precedential value, even for lower courts." Because the footnote in *Green* was not binding on it, the court concluded that the petitioner was not entitled to judgment as a matter of law with respect to his claim that the admission of Womble's prior inconsistent statements as substantive evidence violated the petitioner's due process rights when the statements were the only evidence of guilt. We agree with the habeas court that the footnote in *Green* did not constitute the Supreme

---

[5] In addition to his argument that relied on the footnote in *Green*, the petitioner made other arguments in his memorandum of law in support of his motion for summary judgment before the habeas court and in his appeal before this court. Nevertheless, the habeas court did not address those arguments in its memorandum of decision, and the petitioner did not file a motion for articulation as to why the habeas court did not address those additional arguments. Therefore, because the habeas court did not rule on those arguments, we cannot review them because to do so would result in an ambuscade of the habeas court. See footnote 4 of this opinion.

Court's holding. Because the footnote was not the court's holding, it is purely dictum and not binding on any lower court, and the court properly refused to entertain the petitioner's claim that was premised on the footnote. See *Middletown Commercial Associates, Ltd. Partnership* v. *Middletown*, 53 Conn. App. 432, 435, 730 A.2d 1201, cert. denied, 250 Conn. 919, 738 A.2d 657 (1999).

Accordingly, we conclude that the petitioner has not shown that the resolution of the underlying claim involved issues that are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. Because the petitioner did not demonstrate any of these criteria, he failed to prove that the court abused its discretion in denying the petition for certification to appeal with respect to the claim that the habeas court improperly rejected his claim that the trial court denied him due process of law by admitting improperly the prior inconsistent statements as substantive evidence when they constituted the sole evidence of the petitioner's guilt.

The appeal is dismissed.

In this opinion the other judges concurred.